**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

PAUL DAVID FREEMAN-EL,            )
                                  )
        Plaintiff,                )
                                  )
        v.                        )            No. 1:12-CV-166-LMB
                                  )
BOBBY SULLIVAN,                   )
                                  )
        Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Paul David Freeman-El (registration no. 150481), an inmate at the Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2].  For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.22.  *See* 28 U.S.C. § 1915(b)(1).  Additionally, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average

monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $56.08, and an average monthly balance of $.20. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.22, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the

named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 for constitutional violations he suffered arising out of his false arrest in November 2011. The named defendant is Bobby Sullivan, a police officer. In addition, plaintiff has filed a motion to amend or correct his complaint [Doc. #6], to which he has attached an amended complaint. In the proposed amended complaint, plaintiff names Amy Commran as a defendant and states that he is asking for leave to amend this case to "add defendants." Because plaintiff will be instructed to file one amended complaint, naming all the defendants he wishes to sue in this action, the aforesaid motion to amend will be denied as moot.

**Discussion**

It is unclear to the Court who plaintiff intends to name as a defendant in this action, and generally speaking, all claims in an action should be included in one, centralized complaint form, as neither the Court nor the defendants wish to search

through supplemental pleadings in order to piece together plaintiff's claims. As such,

the Court will order plaintiff to amend his complaint on a court-provided form, in

compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically,

in the "Caption" of the form complaint, plaintiff shall set forth the name of each

defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by

typing the first defendant's name, and under that name, he shall set forth in separate

numbered paragraphs the allegations supporting his claim(s) as to that particular

defendant, as well as the right(s) that he claims that particular defendant violated. If

plaintiff is suing more than one defendant, he shall proceed in this manner with each

of the named defendants, separately setting forth each individual name and under that

name, in numbered paragraphs, the allegations specific to that particular defendant and

the right(s) that he claims that particular defendant violated. The amended complaint

must contain *short and plain statements* showing that plaintiff is entitled to relief, the

allegations must be simple, concise, and direct, and *the numbered paragraphs must*

*each be limited to a single set of circumstances.* If plaintiff needs more space, he may

attach additional sheets of paper to the amended complaint and identify them as part

of the "Caption" or "Statement of Claim." Plaintiff is advised that the amended

complaint will replace the original complaint, as well as the proposed amended

complaint, and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff is reminded that a litigant cannot normally seek to join in one lawsuit a multitude of claims against different defendants, relating to events arising out of a series of different occurrences or transactions. *See* Fed.R.Civ.P. 20(a)(2). In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* Thus, plaintiff should select the transaction or occurrence he wishes to pursue in this case, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in the instant action, he must file each such claim(s) on a separate complaint form and either pay the $350 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $11.22 on or before **November 30, 2012**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, on or before **November 30, 2012**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend or correct the complaint [Doc. #6] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed, without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a form complaint for the filing of a prisoner civil rights complaint.

Dated this _____30th_____ day of October, 2012.

_Lewis M. Blanton_

_____
UNITED STATES MAGISTRATE JUDGE