UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

PAUL DAVID FREEMAN-EL,  )
                        )
    Plaintiff,           )
                        )
v.                       )        No. 1:12-CV-166-LMB
                        )
BOBBY SULLIVAN, et al.,  )
                        )
    Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's first amended complaint [Doc. #9].

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim

upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985. In addition, plaintiff asserts state-law claims for "false arrest misconduct and torts." The named defendants are Bobby Sullivan (Sikeston Police Detective) and Amy Commran (Public Defender), and plaintiff is suing them in their individual capacities.

Plaintiff alleges that defendant Sullivan falsely arrested him on November 17, 2011, on charges of burglary, receiving stolen property, and possession of crack cocaine. Plaintiff was appointed an attorney, defendant Commran, who plaintiff claims rendered him "ineffective representation." Plaintiff states that the receipt-of-stolen-property charge was subsequently dismissed, and he was forced to enter a plea of guilty on the remaining charges of possession of a controlled substance and second degree burglary. According to plaintiff, his involuntary guilty plea was due to Sullivan's illegal search and seizure and false arrest, as well as a conspiracy between Sullivan and Commran to deny plaintiff his Constitutional rights. More specifically, plaintiff states that his plea was made "out of fear, misapprehension and ineffective representation in furtherance with state officials' conspiracy to deny plaintiff's [Constitutional rights] and prohibitions prescribed by Missouri's false arrest laws." Plaintiff was sentenced to

three years' imprisonment on each charge, to run concurrently.

## Discussion

### I. Section 1983 Claims

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not claim, nor does it appear to the Court, that his state sentence or convictions for burglary and possession of a controlled substance have been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed the complaint, the Court concludes that plaintiff's § 1983 claims against defendants Sullivan and Commran are barred by the United States Supreme Court's holding in *Heck*.

Furthermore, the complaint is legally frivolous as to Amy Commran for the additional reason that public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

### II. Section 1985 claims

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. "[A]

conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010)(citations omitted). Plaintiff's factual allegations do not directly or indirectly suggest such a "meeting of the minds" between the defendants. Moreover, § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the instant amended complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination. For these reasons, plaintiff's § 1985 claims will be dismissed pursuant to § 1915(e)(2)(B).

### III. Pendent State Claims

Because plaintiff's federal claims will be dismissed, all remaining pendent state

claims will also be dismissed. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's request for additional time, up to and including March 30, 2013, in which to pay the initial partial filing fee is **GRANTED**, and all other pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of February, 2013.

    /s/ **Jean C. Hamilton**
    **UNITED STATES DISTRICT JUDGE**